# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER CLINTON WILSON and SUSAN WILSON, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-2580 |
| | § | |
| PENGUIN TRUCKING, INC., | § | |
| WAYNE RICHARD WENTE, and | § | |
| MICHAEL CAMERON DANIEL, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Pending before the court is a motion to remand filed by Plaintiffs Walter Clinton Wilson and Susan Wilson. Dkt. 7. After considering the motion, response, reply, original petition, and applicable law, the court is of the opinion that the motion to remand should be GRANTED.

## I. BACKGROUND

This case is about a vehicle accident involving three vehicles. Dkt. 1 (notice of removal); Dkt. 1-7 (original state court petition). The Wilsons contend that on or about May 14, 2019, they were traveling south on Beltway 8 North in Harris County, Texas, when a truck owned and operated by defendant Penguin Trucking, Inc. ("Penguin"), driven by defendant Wayne Richard Wente, changed lanes in an unsafe manner and collided with their vehicle, a Lexus. Dkt. 1-7. They further contend that defendant Michael Cameron Daniel was negligent in failing to turn his vehicle, a truck, right or left to avoid the collision. *Id.* The Wilsons filed their complaint against Penguin, Wente, and Daniel in the 189th District Court in Harris County, Texas. *Id.*

Penguin and Wente removed the case to this court. Dkt. 1. According to the petition, the Wilsons are citizens of Montgomery County, Texas, Penguin is a foreign company with its offices

based in Elgin, Illinois, Wente resides in Mont Dora, Florida, and Daniel resides in Houston, Texas. Dkt. 1-7. The damages sought are in excess of $1,000,000. *Id.* Penguin and Wente contend that removal is proper because Daniel was improperly joined and that, without Daniel in the case, diversity jurisdiction exists. Dkt. 1. They argue that Daniel was improperly joined because Daniel was an innocent driver who was traveling within his lane prior to the accident and could not have avoided the accident. *Id.* They contend that there is no reasonable possibility that the Wilsons will recover against Daniel and that his joinder was an improper attempt to defeat federal jurisdiction. *Id.*

The Wilsons move to remand, arguing that this is a straightforward car crash case involving three vehicles and that it is the jury's responsibility to determine which parties were negligent. Dkt. 7.

Penguin and Wente argue in their response that Wente's affidavit establishes that the initial impact was between his tractor-trailer rig and the Lexus sedan driven by Mr. Wilson. Dkt. 12. They contend that Wente's affidavit exonerates Daniel, who they contend did nothing to cause the initial impact and could not have steered clear of the accident. *Id.* They argue that the Wilsons have provided no evidence that would provide a reasonable basis for their claim that Daniel did something that caused the accident. *Id.*

In reply, the Wilsons argue that the proper standard for determining if joinder is proper is whether the complaint is sufficient to state a claim against the allegedly improperly joined defendant, and that here their petition sufficiently states a claim against Daniel. Dkt. 13. They point out that there is no requirement that a party have a sworn affidavit in order to have a possibility of recovery in a personal injury case. *Id.* Moreover, they note that Penguin and Wente do not deny that Daniel's truck crashed into the Wilsons' car and caused damage. *Id.* They additionally argue that even if the

2

court were to pierce the pleadings and conduct a summary inquiry, Penguin and Wente cannot meet their heavy burden of showing Daniel was improperly joined. *Id.*

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The burden of proving federal jurisdiction rests on the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Penguin and Wente contend that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a). Penguin and Wente recognize that Daniel is not a diverse defendant, but they contend that Daniel is improperly joined. Dkt. 1.

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Penguin and Wente do not assert actual fraud, so the court considers only the second method. Therefore, to prevent remand, Penguin and Wente must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Id.*

There are two ways for a court to predict whether a plaintiff might be able to recover against an in-state defendant. First, the court can conduct a Rule 12(b)(6)-type inquiry by reviewing the complaint to determine if it states a claim against the in-state defendant. *Id.* In making this determination, the court applies the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

3

*Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the court finds that the claim has been insufficiently pled, the court should dismiss the improperly joined defendant without prejudice for lack of jurisdiction. *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *5 (S.D. Tex. July 11, 2016) (Hanks, J.) (explaining that dismissal without prejudice is appropriate because the court lacks subject matter jurisdiction over the claim against the non-diverse defendant and, therefore, cannot render a decision on the merits).

Second, a defendant could demonstrate that the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573–74. In that case, the court can "pierce the pleadings" in a summary inquiry to "identify the presence of discrete and undisputed facts [in the entire record] that would preclude plaintiff's recovery against the in-state defendant." *Id.*

### III. ANALYSIS

In the state-court petition, the Wilsons allege that "Daniel was negligent in failing to turn his vehicle right or left in order to avoid the collision," and "[a]s a direct and proximate result of the conduct of Defendants, [the Wilsons] were seriously injured," causing the damages sought in their lawsuit. Dkt. 1-7. Under Texas law, "[a] negligence cause of action has three elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach." *Van Horn v.*

4

*Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). In Texas, a "person operating a motor vehicle on the public roads must do so in a careful, prudent manner with due regard to the rights of others on the road." *Cleaver v. Dresser Indus.*, 570 S.W.2d 479, 485 (Tex. App.—Tyler 1978, writ ref'd n.r.e.). The Wilsons' complaint thus adequately alleges that Daniel, as a driver on Beltway 8, had a duty and breached that duty resulting in damages.

As far as the evidence provided by Penguin and Wente that Daniel is not to blame, this is not a discrete and undisputed fact that would preclude recovery in state court. The evidence provided by Penguin and Wente includes a crash report indicating that Wente was traveling southbound and unsafely changed lanes, swiping the Wilsons and causing their car to strike Daniel's truck.[1] *See* Dkt. 1-11. They also provide an affidavit by Wente in which he provides his perspective into how the crash happened. Dkt. 1-12. He contends that the "driver of the Chevrolet pickup truck did not do anything that caused the initial impact between my tractor-trailer rig and the Lexus Sedan, or cause any subsequent impacts or collisions that I saw." *Id.* He also contends that all of the individuals "appeared to be uninjured" and the "investigating officer did not place any blame on the driver of the Chevrolet pickup for causing or contributing to the accident, to my knowledge." *Id.* He opines that Daniel did not do anything to cause the accident and could not have done anything to avoid the accident. *Id.*

While the report and affidavit are evidence in Daniel's favor, they are not dispositve with regard to the factual questions the court or possibly a jury will have to decide in this case. Accordingly, Penguin and Wente have not met their burden of showing improper joinder.

---

[1] The accident report was completed by the officer responding to the accident, not an eye witness to the accident.

## IV. Conclusion

The Wilsons' motion to remand (Dkt. 7) is GRANTED. This case is REMANDED to the 189th District Court in Harris County, Texas.

Signed at Houston, Texas on October 18, 2019.

```
_____
           Gray H. Miller
    Senior United States District Judge
```